David N. Wynn (DW8660)
Shawanna Johnson (SJ5391)
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900
(212) 484-3990 (facsimile)
*wynn.david@arentfox.com*
*johnson.shawanna@arentfox.com*

Henry Morris, Jr. (Admitted *Pro Hac Vice*)
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 857-6000
(202) 857-6395 (facsimile)
*morris.henry@arentfox.com*

*Attorneys for Defendant Wackenhut Services, Inc., James Carbonaro, and Renato Velati*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JEFFREY HOUSE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WACKENHUT SERVICES INC., *et al.*,**<br><br>**Defendants.** | **Civil Case No. 10 CV 9476 (CM) (FM)**<br><br>**Judge Colleen McMahon** |

**WACKENHUT SERVICES, INC., JAMES CARBONARO, AND RENATO VELATI'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT**

Table of Contents

Page

I. Argument ........ 1

A. The Court should issue a judgment in the Wackenhut Defendants' favor ........ 1

1. The Standard for Granting Summary Judgment ........ 1

2. The Court should disregard House's purported facts that he failed to include in his Rule 56.1 Statement ........ 2

3. Wackenhut, Carbonaro, and Velati did not discriminate against House ........ 3

4. House's hostile work environment and retaliation claims, if any, fail as a matter of law ........ 8

5. House's defamation claim fails as a matter of law ........ 8

II. Conclusion ........ 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abdu-Brisson v. Delta Air Lines, Inc.*,
239 F.3d 456 (2d Cir. 2001)....2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....1

*Brown v. Director SCDC*,
No. 08 Civ. 3761, 2010 WL 3167331 (D. S.C. Aug. 5, 2010)....7

*Crews v. Trustees of Columbia Univ. in the City of New York*,
452 F. Supp. 2d 504 (S.D.N.Y. 2006)....3

*De La Cruz v. New York City Human Res. Admin. Dept. of Social Servs.*,
82 F. 3d 16 (2d Cir. 1996)....3

*De La Cruz v. New York City Human Resources Admin. Dep't of Soc. Servs.*,
884 F. Supp. 112 (S.D.N.Y. 1995)....7

*Dister v. Continental Group, Inc.*,
859 F.2d 1108 (2d Cir.1988)....1

*Ekwegalu v. Central Parking System*,
No. 97 Civ. 9477MGC, 2000 WL 1371335 (S.D.N.Y. Sept. 22, 2000)....7

*Fields v. New York State Office of Mental Retardation and Developmental Disabilities*,
115 F.3d 116 (2d Cir. 1997)....3, 4, 8

*Gross v. FBL Fin. Servs., Inc.*,
557 U.S. 167 (2009)....4

*Harris v. Home Sales Co.*,
No. 09 Civ. 1109, 2011 WL 826347 (D. Md. March 7, 2011)....6

*Holowecki v. Federal Exp. Corp.*,
644 F. Supp. 2d 338 (S.D.N.Y. 2009)....7

*Hrisinko v. New York City Dept. of Educ.*,
369 F. App'x 232 (2d Cir. 2010)....4

*Kyoei Fire & Marine Insurance Co., LTD v. M/V Maritime Antalya*,
No. 06 CV 2043, 2006 WL 3802209 (S.D.N.Y. Dec. 22, 2006)....3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475, U.S. 574 (1986)....1

*Meiri v. Dacon*,
759 F.2d 989 (2d Cir. 1985) ..... 2

*Monte v. Ernst & Young LLP*,
330 F. Supp. 2d 350 (S.D.N.Y. 2004) ..... 7

*Morales v. Long Island Rail Road Co.*,
No. 09 CV 8714, 2010 WL 1948606 (S.D.N.Y. May 14, 2010) ..... 8

*O'Connor v. Viacom, Inc.*,
No. 93 Civ. 2399, 1996 WL 194299 (S.D.N.Y. Apr. 23, 1996) ..... 7

*Olson v. New York*,
315 F. App'x 361 (2d Cir. 2009) ..... 3

*Ostrowski v. Atlantic Mut.Ins. Co.*,
968 F. 2d 171 (2d Cir. 1992) ..... 4

*Peabody v. Weider Publications, Inc.*,
260 F. App'x 380 (2d Cir. 2008) ..... 8

*Pinzon v. Jensen*,
No. 08 Civ 1543, 2011 WL 3568279 (E.D. Cal. Aug. 15, 2011) ..... 6, 7

*Price v. Cushman & Wakefield, Inc.*,
808 F. Supp. 2d 670 (S.D.N.Y. 2011) ..... 1, 3

*Raskin v. Wyatt Co.*,
125 F. 3d 55 (2d Cir. 1997) ..... 3

*Saenger v. Montefiore Med. Ctr.*,
706 F. Supp. 2d 494 (S.D.N.Y. 2010) ..... 4

*Scaria v. Rubin*,
No. 94 Civ. 3333, 1996 WL 389250 (S.D.N.Y. July 11, 1996), *aff'd*, 117 F.3d 652 (2d Cir. 1997) ..... 2

*Scott v. Harris*,
550 U.S. 372 (2007) ..... 1

*Shannon v. New York City Transit Auth.*,
332 F.3d 95 (2d Cir. 2003) ..... 1

*Tyler v. Bethlehem Steel Corp.*,
958 F. 2d 1176 (2d Cir. 1992) ..... 3

*United States v. Ogonoski*,
149 F. App'x 24 (2d Cir. 2005) ..... 1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ....................................................................................................................1

Local Rule 56.1(a) ........................................................................................................................2

## Introduction

House opposes the Wackenhut Defendants' summary judgment motion. But, despite months of discovery, he has failed to identify a single triable issue. Thus, the conclusion is ineluctable that the Court should grant the Wackenhut Defendants' Motion as a matter of law.

## I. ARGUMENT

### A. The Court should issue a judgment in the Wackenhut Defendants' favor.

#### 1. The Standard for Granting Summary Judgment

To avoid summary judgment, the party opposing it must point to evidence "showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475, U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(a). He must do more than show that there is only a metaphysical doubt regarding material facts. *Matsushita*, 475 U.S. at 586. "Conclusory allegations, conjecture, and speculation" do not suffice. *Shannon v. New York City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003); *see Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 685 (S.D.N.Y. 2011). Nor can the opposing party avoid summary judgment by relying on his allegations and denials in his pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). "Rather, the nonmoving party must come forward with specific facts supported by sufficient concrete probative evidence to allow a rational trier of fact to find for her." *United States v. Ogonoski*, 149 F. App'x 24, 25 (2d Cir. 2005).

When the evidence supporting the nonmoving party is so slight that no reasonable jury could find for him, there is no genuine issue of material fact and granting summary judgment is proper. *See Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir. 1988). Thus, if there are conflicting stories, a court should reject the one that is so "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The "salutary purposes of summary judgment -- avoiding protracted, expensive and

harassing trials -- apply no less to discrimination cases" than they do to others. *See*, *e.g.*, *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985). Indeed, it is "beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001). Thus, employment discrimination defendants in this Circuit routinely prevail on summary judgment if the plaintiff identifies no triable issues. *See*, *e.g.*, *Meiri*, 759 F.2d at 998; *Abdu-Brisson*, 239 F.3d at 470; *Scaria v. Rubin*, No. 94 Civ. 3333, 1996 WL 389250 at *5 (S.D.N.Y. July 11, 1996), *aff'd*, 117 F.3d 652 (2d Cir. 1997). This case warrants the same result.

**2. The Court should disregard House's purported facts that he failed to include in his Rule 56.1 Statement.**

Local Rule 56.1 could not be clearer. The party seeking summary judgment shall submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1(a)(emphasis added). The opposing party "*shall* include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, *and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.*" *Id.* at 56.1(b)(emphasis added). And, "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party". *Id.* at 56.1(c).

Heedless of the Rule, House's Statement omits from his Rule 56.1 Statement most of the purported facts on which he relies in his Opposition. *Compare* House's Rule 56.1 Statement

*with*, *e.g.*, Opp. at 5-9; 11-19; 22-27.[1] Thus, the Court should ignore those facts when ruling on the Wackenhut Defendants' Motion. *See Kyoei Fire & Marine Insurance Co., LTD v. M/V Maritime Antalya*, No. 06 CV 2043, 2006 WL 3802209 at *1 (S.D.N.Y. Dec. 22, 2006).

**3. Wackenhut, Carbonaro, and Velati did not discriminate against House.**

House evidently concedes that Wackenhut, Carbonaro, and Velati had a legitimate, good-faith business reason for terminating him -- the FPS's report that he was sleeping on duty and its request that Wackenhut remove him from all Homeland Security/FPS contracts and not allow him to work at any GSA owned or leased locations. House contends, however, that his action should survive summary judgment based on a mixed motive analysis. Opp. at 2-3. Not so.

A mixed motive plaintiff "must initially proffer evidence that an impermissible criterion was *in fact* a 'motivating' or 'substantial' factor in the employment decision." *De La Cruz v. New York City Human Res. Admin. Dept. of Social Servs.*, 82 F. 3d 16, 23 (2d Cir. 1996). That burden is heavier than the one that plaintiffs must bear to establish a *McDonnell Douglas* prima facie case. *Id.*; *Raskin v. Wyatt Co.*, 125 F. 3d 55, 60 (2d Cir. 1997); *Crews v. Trustees of Columbia Univ. in the City of New York*, 452 F. Supp. 2d 504, 522 (S.D.N.Y. 2006). Indeed, to succeed, a mixed motive plaintiff must produce evidence equivalent to "a smoking gun" or at least a "thick cloud of smoke." *Fields v. New York State Office of Mental Retardation and Developmental Disabilities*, 115 F.3d 116, 124 (2d Cir. 1997), quoting, *Tyler v. Bethlehem Steel Corp.*, 958 F. 2d 1176, 1187 (2d Cir. 1992), *see Olson v. New York*, 315 F. App'x 361, 363 (2d Cir. 2009); *Price*, 808 F. Supp. 2d at 687. Such cases, this Court has observed, are the "'rare exception.'" *Price*, 808 F. Supp. 2d 670, 688 (S.D.N.Y. 2011).

This is not one of those rare cases.

---

[1] Citations to Plaintiff's Opposition to Wackenhut, Carbonaro, and Velati's Memorandum in Support of their Summary Judgment Motion are denominated "Opp. at ___."

First, the Supreme Court has made clear that the mixed motive analysis is inapposite to ADEA cases. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Rather ADEA plaintiffs must prove that age was the "but for" cause of the challenged decision. *Id.*, at 167; *Hrisinko v. New York City Dept. of Educ.*, 369 F. App'x 232, 234 (2d Cir. 2010). Because House pins his case solely on mixed motive analysis, his ADEA claim fails as a matter of law.[2]

Second, the Second Circuit has held that mixed motive analysis is inapposite when no reasonable trier could find that a legitimate and illegitimate motive coexisted. *Fields*, 115 F.3d at 122 n .2. It offers this example:

> [A]n accountant plaintiff may establish a prima facie case that age discrimination was a motivating factor and the defendant may establish a prima facie case that the plaintiff had embezzled substantial funds. The trier would have to believe one or the other, and finding of a mixed motive simply would not be possible. In such circumstances, a *Price Waterhouse* [-- mixed motive --] charge should not be given. *Ostrowski v. Atlantic Mut.Ins. Co.*, 968 F. 2d 171, 185 (2d Cir. 1992). Why? Because the "evidence would be unlikely to permit a reasonable finding that the employer was determined to discharge only elderly embezzlers."

*Fields*, 115 F. 3d at 122, n.2.

Here, the undisputed evidence establishes that (1) using a personal computer, sleeping while on duty, and failing to devote full time and attention to assigned duties are cause for immediate removal from the Wackenhut/FPS contract; (2) Wackenhut must honor the government's removal requests; (3) Inspector Clarke observed House sleeping at his post with a laptop displaying an active computer game; (4) the FPS decided that House's dereliction of duty placed people and property at risk; (5) the FPS asked Wackenhut to remove House from all Homeland Security/FPS contracts and not allow him to work at any GSA owned or leased

---

2 House says nothing in his brief about the NYSHRL and the NYCHRL. So, Wackenhut, Carbonaro, and Velati contend that he has abandoned his claims under those statutes. But, if the Court finds that he has not, the case for applying mixed motive analysis to his NYSHRL claim is weak, at best. *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 506 (S.D.N.Y. 2010). And, for the reasons stated herein, his NYSHRL and NYCHRL claims fail on the merits.

locations; and (6) Wackenhut removed House from the contract and terminated him based upon the information contained in the FPS's report and removal request. *See* The Wackenhut Defendants' Opening Brief at 8-11.

On those facts, no reasonable jury could conclude that Wackenhut was determined to fire only elderly African Americans whom the FPS barred from working on government property due to misconduct. To the contrary, the undisputed facts show that Wackenhut has removed from the Wackenhut/FPS contract and terminated similarly-situated employees who are materially younger than House and not black. *See* The Wackenhut Defendants' Opening Brief at 11-12.

Plus, House has produced no evidence constituting either a "smoking gun" or "thick cloud of smoke." Indeed, he has produced not even a wisp.

House attempts to avoid summary judgment by contending that an FPS videotape exonerates him. He did not serve a copy of the alleged videotape with his Reply. But, if he is referring to the December 4, 2009, footage that the Government produced in this case, it affords him no comfort. To the contrary, that footage does not reveal what transpired in his guard booth when the Government reported that he was caught sleeping. S.J. Ex. 5 [Request for Admission No. 26; Request for Admission US-00307 – 00310]. Thus, it raises no issue of fact.

To support his race discrimination claim, House relies on an alleged racial epithet that Velati purportedly uttered during a heated exchange with another employee that occurred months *after* Wackenhut terminated House. Opp. at 9-10. And, to support his age discrimination claim, Plaintiff relies on his contention that Carbonaro and Velati made a handful of age-based remarks that Plaintiff himself considered jokes. Opp. at 5-7; Opp. Ex. E [House Tr. 335:3 – Tr. 337:21; House Tr. 338:10 – 339:6; House Tr. 339:11 – 340:10; House Tr. 343:3 – Tr. 344:17; House Tr.

346:8 – Tr. 347:31].

Plaintiff's reliance, however, is misplaced. To the extent that he cites the alleged remarks to support his mixed motive age discrimination claim, mixed motive analysis is inapposite under the ADEA. Thus, the remarks afford him no comfort. Additionally, House has failed to show that Carbonaro and Velati's alleged comments are anything other than stray remarks, which create no triable issue. The District of Maryland's decision in *Harris v. Home Sales Co.*, No. 09 Civ. 1109, 2011 WL 826347 (D. Md. March 7, 2011), is instructive.

Harris contended that Home Sales fired him because he is black. In support, he claimed that he once overheard his supervisor, and challenged decision maker, refer to him using a racial epithet: "Tell that n*gger to get to work on time." *Id.* at *2. But, the Court granted Home Sales' summary judgment motion, holding that the alleged epithet was a stray remark:

> Even viewing the evidence in the light most favorable to Harris, he has not alleged any direct evidence of discrimination. At most, Harris contends that he heard Hamlett refer to him as a "n*gger" through King's cell phone, but makes no connection between this alleged remark and his termination. As this Court has explained, an isolated, stray remark will not be deemed direct evidence of discrimination.

*Id.* at *4 (citation omitted).

The Eastern District of California reached a similar result in *Pinzon v. Jensen*, No. 08 Civ 1543, 2011 WL 3568279 at *4 (E.D. Cal. Aug. 15, 2011). Pinzon claimed that his employer fired him because he is black. In support, he cited the decision-maker's alleged racist comment: "'Hey sue me n*gger.'" The Court concluded, however, the alleged remark created no issue for trial.

> Stray remarks are comments 'unrelated to the decisional process' such that they 'are insufficient to demonstrate that the employer relied on illegitimate criteria, even when such statements are made by the decision-maker in issue.'
>
> In this case, the epithet was spoken by Vaughn, the decision-maker. It was not used in a way that suggests it was a rationale for refusing to pay Pinzon. . . . Instead, it appears to

> have been a gratuitous insult spoken once the parties started quarreling.

*Id.* at 10-11.

The District of South Carolina took the same approach in *Brown v. Director SCDC*, No. 08 Civ. 3761, 2010 WL 3167331 (D. S.C. Aug. 5, 2010).

> The Court finds the use of derogatory comments distasteful and scornful. However deplorable a word may be, Plaintiff overhearing Defendant Bollinger use one slur in approximately nine years fails to raise a genuine issue of material fact regarding Defendant Bollinger's allegedly racist propensities. Furthermore, Defendant Bollinger's use was not directed at nor was it about Plaintiff in any respect.

*Id.* at *5.

Consistent with those cases, courts in this Circuit have held, repeatedly, that stray remarks by non-decision-makers or by decision-makers unrelated to the challenged employment decision are entitled to no weight. *See, e.g., Holowecki v. Federal Exp. Corp.*, 644 F. Supp. 2d 338, 358 (S.D.N.Y. 2009); *Monte v. Ernst & Young LLP*, 330 F. Supp. 2d 350, 363 (S.D.N.Y. 2004); *Monte v. Ernst & Young LLP*, 330 F. Supp. 2d 350, 364 (S.D.N.Y. 2004); *Ekwegalu v. Central Parking System*, No. 97 Civ. 9477MGC, 2000 WL 1371335 at * 3 (S.D.N.Y. Sept. 22, 2000); *O'Connor v. Viacom, Inc.,* No. 93 Civ. 2399, 1996 WL 194299, at *5 (S.D.N.Y. Apr. 23, 1996); *De La Cruz v. New York City Human Resources Admin. Dep't of Soc. Servs.,* 884 F. Supp. 112, 116 (S.D.N.Y. 1995).

Wackenhut, Carbonaro, and Velati do not concede that Carbonaro and Velati made the alleged remarks. But, even if they did, accepting House's allegations as true, (1) Velati uttered the alleged racial remark once during a heated exchange with another employee, well after House was terminated; (2) Velati's purported remark addresses neither House nor his termination; (3) the alleged age-based remarks were remote in time from, and unrelated to, House's termination; and (4) House considered them harmless jokes. In short, no nexus exists

between the alleged remarks and challenged termination. Thus, they create no issue for trial.

Neither has House created a triable issue by citing unsupported, hearsay, conclusory, and anecdotal allegations about how Wackenhut, Carbonaro, and Velati purportedly treated other (some unidentified) employees. Opp. at 11-19. To the contrary, the Second Circuit has made clear that such allegations are insufficient to withstand summary judgment in a mixed motive case. *See Fields*, 115 F.3d at 124.[3]

**4. House's hostile work environment and retaliation claims, if any, fail as a matter of law.**

House contends, for the first time in his Reply, that Wackenhut, Carbonaro, and Velati retaliated against him because he complained to Carbonaro that white employees received preferential treatment regarding bathroom and meal breaks. Opp. at 22. Wackenhut, Velati, and Carbonaro concede that House complained to Carbonaro about discrimination. But, even if House did, his retaliation claim is doomed because (1) he alleges it for the first time in his Reply, *see Peabody v. Weider Publications, Inc.*, 260 F. App'x 380, 384 (2d Cir. 2008); and (2) to the extent that he purports to assert his claim under Title VII, this Court lacks subject matter jurisdiction to adjudicate it because House did not include it in his EEOC charge. *See Morales v. Long Island Rail Road Co.*, No. 09 CV 8714(HB), 2010 WL 1948606 (S.D.N.Y. May 14, 2010); *See* The Wackenhut Defendants' Opening Brief at 12.

---

[3] Holding:

> At trial, Fields produced statistical and anecdotal evidence showing that (i) he was not promoted, but White employees were; (ii) he was not given desirable work shifts, work assignments, and job pairings, but White employees were; (iii) he was occasionally disciplined for conduct that White employees engaged in with impunity; and (iv) he occasionally heard his co-workers make racial slurs or jokes. The plaintiff has thus presented precisely the kind of statistical and other circumstantial evidence, merely hinting at the possibility of unfair treatment on account of his race, that we have ruled would be insufficient to entitle a *plaintiff* to a dual motivation instruction.

### 5. House's defamation claim fails as a matter of law.

Plaintiff attempts to evade summary judgment on his defamation claim by contending that the FPS videotape – that Velati purportedly saw – proves that House was not asleep. Not so. As previously discussed, Wackenhut, Carbonaro, and Velati do not concede that Velati saw the tape. But, even if he did, it does not reveal whether House was sleeping.

## II. CONCLUSION

House may be unhappy about aspects of his employment at Wackenhut. This case, however, turns on the evidence. And, the undisputed evidence makes clear that, House's claims are doomed as a matter of law. Thus, Wackenhut, Carbonaro, and Velati submit that the Court should grant their Motion and enter a judgment in their favor.

Dated: April 2, 2012

Respectfully submitted,

By: /s/

Henry Morris, Jr. (Admitted *Pro Hac Vice*)
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
*morris.henry@arentfox.com*
*Attorneys for Wackenhut Services, Inc., James Carbonaro, and Renato Velati*

David Wynn (DW8660)
Shawanna Johnson (SJ5391)
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
*david.wynn@arentfox.com*
*johnson.shawanna@arentfox.com*