UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEFFREY HOUSE,                                           :

              Plaintiff,                        :

   - against -                                          :   **REPORT AND**
                                                                                           **RECOMMENDATION**
WACKENHUT SERVICES, INC., et al.,                        :   **TO THE HONORABLE**
                                                                             **COLLEEN MCMAHON***

              Defendants.                       :

                                                                               10 Civ. 9476 (CM) (FM)
-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.     Introduction

This is an employment discrimination action. After Tamara M. Harris ("Ms. Harris"), the attorney for plaintiff Jeffrey House ("House"), failed to appear at a court-ordered mediation session on November 14, 2011, Ms. Harris was directed to reimburse defendant Wackenhut Services Inc. ("Wackenhut") for the reasonable costs incurred in connection with the attendance of its attorney and corporate representative at the mediation session. Additionally, the matter was referred to me to conduct an inquest. (ECF No. 40). For the reasons set forth below, I recommend that Wackenhut be awarded fees and expenses against Ms. Harris in the amount of $3,104.90.

---

    * This Report and Recommendation was prepared with the assistance of Amanda K. Lui, a student at Brooklyn Law School.

MEMO ENDORSED

9/27/2012 - The Report is adopted as the opinion of the Court. I note that no objections were filed but I have reviewed Ms. Harris' arguments made to Judge Maas as though they were objections. The Clerk shall enter judgment against Ms. Harris in the amount of $3,104.90. Colleen McMahon USDJ

II. Background

This is an ECF case. On September 29, 2011, the Court posted an entry on the Court's electronic docket indicating that a mediation session would be held on November 14, 2011, at 9:30 a.m., at 233 Broadway. (ECF No. 40). Wackenhut's representatives attended the conference, but neither House nor Ms. Harris appeared. Accordingly, on November 22, 2011, Your Honor directed Ms. Harris to show cause why she should not be required to compensate Wackenhut for the expenses it had unnecessarily incurred. (ECF No. 32). After reviewing her response, (ECF No. 37), Your Honor directed, by order dated December 15, 2011, that Ms. Harris pay Wackenhut's costs. (ECF No. 40). The order further directed that "those costs shall not be passed on to the plaintiff." (Id. at 2). That same day, the matter was referred to me for an inquest. (ECF No. 42).

Wackenhut now seeks to recover fees and expenses in the amount of $4,516.40 associated with the attendance of Wackenhut's attorney and corporate representative at the failed conference. (See ECF Nos. 68, 69, 77). Ms. Harris opposes that request on numerous grounds. (See ECF No. 74 ("Harris Opp'n")).

III. Discussion

A. Legal Fees

One of the many complaints voiced in Ms. Harris' opposition papers is that it was unreasonable for Wackenhut to have Henry Morris, Jr. ("Mr. Morris"), an Arent Fox partner with extensive experience, attend the mediation, rather than sending an

2

associate from Arent Fox's New York office. (Id. at 6-7). However, Local Civil Rule 83.9(j) requires that "[t]he attorney primarily responsible for each party's case, in addition to the individual party, or a representative of the party . . . shall attend each mediation session, unless excused by the mediator." It follows that it was entirely reasonable for Mr. Morris to attend the mediation in person, rather than relying on one of his New York-based (and presumably lower-paid) associates.

The remaining issues that the Court must address regarding Arent Fox's billings for Mr. Morris' time are the reasonableness of his hourly rate and the time that he expended.

    1.     Reasonable Hourly Rate

In assessing the reasonableness of attorneys' hourly rates, courts typically consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." See Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Additionally, a court may rely on its own knowledge of private firm hourly rates. Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

Because Mr. Morris practices in the District of Columbia, the Court cannot rely with any confidence on its own sense of prevailing rates in the locality. Nevertheless, Mr. Morris has indicated that his "preferred" billing rate is $645 per hour, and that Arent Fox billed Wackenhut for his time at a discounted rate of $580 per hour.

(ECF No. 69, Ex. 2 ("Morris Decl.")) ¶ 10). Wackenhut also seeks to recover one-half that discounted hourly rate for Mr. Morris' travel time. (Id.).

The fact that Wackenhut, which presumably has considerable bargaining power, agreed to pay Arent Fox $580 per hour for Mr. Morris' time is, by itself, some indication that this rate is commercially reasonable. Moreover, because Mr. Morris practices in the District of Columbia, the Court has available to it the "Laffey Matrix," a table based on the hourly billing rates that the district court in that jurisdiction found reasonable in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354, 371 (D.D.C. 1983), aff'd in part and rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984). Since that case was decided, the United States Attorney's Office for the District of Columbia has published an index that adjusts those rates annually, based on changes in the Consumer Price Index ("CPI") for the Washington, D.C. area. See www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf (last visited Aug. 3, 2012). For 2012, that index suggests that the billing rate for an attorney such as Mr. Morris, who has more than 20 years of experience, should be $495 per hour. (Id.). An alternative form of the Laffey Matrix, used by certain courts to determine fees, adjusts the Laffey rates based on the higher rate of inflation in the legal services component of the CPI. See Baker v. D.C. Pub. Schs., 815 F. Supp. 2d 102, 113 (D.D.C. 2011). The "Adjusted Laffey Matrix" suggests that someone with Mr. Morris' experience could reasonably be billed at the rate of $753 per hour. See www.laffeymatrix.com/see.html (last visited Aug. 3, 2012).

4

Here, while the rate that Wackenhut paid for Mr. Morris' services exceeds the government's version of the index, it is considerably below the rate indicated in the Adjusted Laffey Matrix and also considerably below the $624 per hour average of the two matrix rates. Although the matrices obviously are not binding, particularly in another Circuit, when they are considered in conjunction with the fact that Wackenhut, which presumably is a large purchaser of legal services, negotiated the rate it would pay, there is an ample basis to conclude that the rate is commercially reasonable.[1] Accordingly, I recommend that Wackenhut be reimbursed at the rate of $580 per hour for Mr. Morris' non-travel time. I further recommend that Wackenhut be reimbursed at half that rate, i.e., $290 per hour, for Mr. Morris' travel time. See, e.g., Barfield v. N.Y.C. Health & Hosp. Corp., No. 05 Civ. 6319 (JSR), 2006 WL 2356152, at *3 (S.D.N.Y. Aug. 11, 2006) (noting that it is "customary" in the Second Circuit to reduce time spent traveling to depositions in this manner).

2. Hours Reasonably Expended

The remaining question with respect to legal fees is the reasonableness of the hours expended by counsel. To enable a court to determine the reasonableness of the hours expended, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the number of hours expended and the nature of

---

[1] In an effort to dispute the reasonableness of this rate, Ms. Harris argues that judges in this District have found rates "in the ballpark of $250 to $300" to be the reasonable rate for an experienced law firm partner. (Harris Opp'n at 4-5). The most recent case she cites for this proposition, however, was decided in 1997. (Id.). Suffice it to say, only the judiciary has not seen large wage increases in the intervening years. Her cases are therefore inapposite.

the work done. See Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); Puglisi v. Underhill Park Taxpayer Ass'n, 964 F. Supp. 811, 817 (S.D.N.Y. 1997). In keeping with this requirement, Wackenhut has furnished the Court with Mr. Morris' contemporaneous time records related to the November 14 mediation session. (See Morris Decl. Ex. A).

In her opposition papers, Ms. Harris complains that Wackenhut seeks reimbursement for 8.5 hours of travel time and an additional 3 hours related to attendance at the mediation. (Harris Opp'n at 1-2). In fact, Wackenhut seeks reimbursement for a total of 8.5 hours of Morris' time, of which 5.5 hours is travel time. (Morris Decl. ¶ 10).

Ms. Harris further contends that the 3 hours billed for the aborted mediation session is unreasonable because Morris spent only "*45 minutes in the mediation session before departing.*" (Harris Opp'n at 1-2) (emphasis in original). Here, Ms. Harris stands on firmer ground. She avers in her opposition papers that (a) the mediation was scheduled to begin at 9:30 a.m., (b) the mediator left a voice mail message inquiring about her whereabouts at 10:20 a.m., (c) she called the mediator back "immediately," and (d) was advised that Mr. Morris was already on his way back to the District of Columbia. (Id.). In its reply papers, Wackenhut does not contest these representations. Indeed, it is undisputed that Mr. Morris took an 11:00 a.m. train to return home. (See Morris Decl. ¶ 6). For these reasons, the time billed by Mr. Morris for legal services on November 14 should be reduced from 3 to 0.75 hours.

Wackenhut therefore is entitled to recover legal fees in the amount of $2,030, consisting of 5.5 hours at the rate of $290 per hour ($1,595) and an additional 0.75 hours at the rate of $580 per hour ($435).

B.  Costs

Wackenhut also seeks to be reimbursed for a total of $1,181.40 in travel expenses incurred by Mr. Morris and Wackenhut's corporate representative, Lawrence Harrison ("Harrison").

Following his trip, Mr. Morris submitted to Arent Fox an "Out of Town Travel Reimbursement" form, together with supporting receipts. (Id. Exs. C, D). Those documents confirm that he incurred the following expenses in connection with his trip to New York:

| Rail Transportation | $247.00 |
|---|---|
| Meals | 10.79 |
| Taxi and Subway | 28.50 |
| Travel Agent Fee | 25.00 |
| **Total:** | **$311.29** |

(Id.). Although Ms. Harris maintains that it is unreasonable to incur a fee for a travel agent to procure a train ticket, had Mr. Morris waited on line at Union Station, he might well have incurred a greater expense while billing at the rate of $290 per hour. The use of a travel agent, which is common in business travel, therefore was not unreasonable.

As noted, the other traveler was Harrison. Unlike Mr. Morris, Harrison traveled to New York the day before the mediation and therefore incurred additional lodging and meal expenses. The expenses that Wackenhut seeks to recover for Harrison's trip are as follows:

| Lodging | $346.61 |
|---|---|
| Meals | 106.50 |
| Train Fare | 332.00 |
| Taxi | 39.52 |
| Parking | 38.00 |
| Tips | $7.48 |
| **Total:** | **$870.11** |

(See ECF No. 69 Ex. 6 (Harrison Decl.) ¶ 6).

Ms. Harris argues that any expense related to Harrison's decision to stay in New York City overnight is unreasonable. (See Harris Opp'n at 9). Harrison, however, lives in Virginia, some 44 miles from Union Station. (See ECF No. 77 Ex. 1 (Harrison Reply Decl.) ¶ 2). As he explains, had he left the same day as the mediation, he would have had to arise by at least 2:45 a.m. to catch his train. (Id. ¶ 3). Indeed, as he points out, given the extensive rush hour traffic in Northern Virginia, even that might not have ensured his timely arrival. It consequently was not unreasonable for Harrison to travel to New York the night before the mediation.

Ms. Harris also notes that Harrison's meal expenses evidently were reimbursed based on a per diem rate. (See Harris Opp'n at 9). She further complains that

his tips are not supported by documentation. (Id.). Since there has been no showing of Mr. Harrison's actual expenses for meals, those charges should be disallowed. On the other hand, it is not reasonable to expect a business traveler to secure receipts for relatively inconsequential tips. Those expenditures, although undocumented, therefore should be reimbursed.

In sum, Wackenhut is entitled to recover expenses in the amount of $763.61 ($870.11 - $106.50) for Mr. Harrison's trip to New York.

IV.  Conclusion

Ms. Harris should be directed to pay Wackenhut the sum of $3,104.90 ($1,595 + $435 + $311.29 + $763.61) by reason of her failure to attend (and have her client attend) the mediation scheduled by the Court.

V.  Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge McMahon. The failure to file these timely objections will result in a waiver of

his tips are not supported by documentation. (Id.). Since there has been no showing of Mr. Harrison's actual expenses for meals, those charges should be disallowed. On the other hand, it is not reasonable to expect a business traveler to secure receipts for relatively inconsequential tips. Those expenditures, although undocumented, therefore should be reimbursed.

In sum, Wackenhut is entitled to recover expenses in the amount of $763.61 ($870.11 - $106.50) for Mr. Harrison's trip to New York.

IV.  Conclusion

Ms. Harris should be directed to pay Wackenhut the sum of $3,104.90 ($1,595 + $435 + $311.29 + $763.61) by reason of her failure to attend (and have her client attend) the mediation scheduled by the Court.

V.  Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge McMahon. The failure to file these timely objections will result in a waiver of

those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:    New York, New York
          August 8, 2012

                                              FRANK MAAS
                                        United States Magistrate Judge

Copies to:
Hon. Colleen McMahon
United States District Judge

Tamara Harris, Esq.
Fax: (646) 345-2107

Henry Morris, Jr., Esq.
Arent Fox
Fax: (202) 857-6395